UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON BAILEY,

       Petitioner,                                  Hon. Wendell A. Miles

v.                                                  Case No. 1:06-CV-200

KENNETH ROMANOWSKI,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Bailey's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Bailey's petition be **denied**.

## BACKGROUND

On January 21, 2003, Petitioner pleaded guilty to armed robbery. (Plea Transcript, January 21, 2003, 4-16). Petitioner was sentenced to serve 10-50 years in prison. (Sentencing Transcript, March 3, 2003, 11-12). Petitioner appealed his conviction to the Michigan Court of Appeals asserting the following claims:

    I.    The trial court violated Appellant's due process rights at sentencing by mis-scoring OV-1 of the sentencing guidelines where appellant possessed a BB gun that

1

did not meet the statutory definition of a firearm.

The Michigan Court of Appeals affirmed Petitioner's sentence. *People v. Bailey*, No. 254131, Opinion (Mich. Ct. App., Aug. 23, 2005). Asserting the same claim, Petitioner then moved in the Michigan Supreme Court for leave to appeal. The court denied Petitioner's request for leave to appeal, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Bailey*, No. 129674, Order (Mich., Jan. 27, 2006). On March 20, 2006, Petitioner submitted the present petition for writ of habeas corpus in which he asserts the same claim identified above.

## STANDARD OF REVIEW

Bailey's petition, filed March 20, 2006, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule

3

from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

## ANALYSIS

In offering his guilty plea, Petitioner acknowledged that he committed the robbery while armed with a BB gun that "looked like a real gun." (Plea Transcript, January 21, 2003, 13-15). Petitioner acknowledged that he waived his gun toward the victim in such a manner that she would have reasonably believed that Petitioner would use the gun against her if she did not comply with his instructions. (Tr. 13-15).

In calculating a defendant's score under the Michigan sentencing guidelines, the

sentencing court is required to calculate various offense variables. Offense variable 1 examines whether the crime involved the "aggravated use of a weapon." Mich. Comp. Laws § 777.31. According to this provision, offense variable 1 is to be scored 15 points if "a firearm was pointed at or toward a victim" during the commission of the crime. *Id.* In determining Petitioner's sentence, the court scored offense variable 1 at 15 points. (Sentencing Transcript, March 3, 2003, 7-8).

Petitioner asserts that the sentencing court improperly scored this particular offense variable, thereby sentencing him on the basis of incorrect information in violation of his due process rights. Specifically, Petitioner asserts that while he pointed his BB gun at or toward the victim, it does not qualify as a "firearm," as that term is used in Mich. Comp. Laws § 777.31.

When imposing sentence, "courts have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997); *see also*, *Roberts v. United States*, 445 U.S. 552, 556 (1980) (a "fundamental sentencing principle" is that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come"). As the *Watts* Court further observed, "[h]ighly relevant - if not essential - to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and circumstances." *Watts*, 519 U.S. at 151-52. Sentencing courts may even consider past criminal behavior which did not result in a conviction, or for which the defendant was never tried. *See Id.* at 152 (citations omitted); *Collins v. Buckhoe*, 493 F.2d 343, 345 (6th Cir. 1974) (citations omitted).

Sentences imposed on the basis of "misinformation of constitutional magnitude," however, may present grounds for habeas corpus relief. *Roberts*, 445 U.S. at 556 (citations omitted). To prevail on a claim that he was sentenced on the basis of such misinformation, Petitioner must

5

establish that "the disputed information was materially false and that the trial court relied on the information." *United States v. Andrews*, 240 F.Supp.2d 636, 638 (E.D. Mich. 2003) (quoting *Buckhoe*, 493 F.2d at 345-46).

The statute quoted above (regarding offense variable 1) does not define the term "firearm." *See* Mich. Comp. Laws § 777.31. As Petitioner notes, however, the term "firearm" is defined elsewhere in Michigan law. Specifically, Mich. Comp. Laws § 8.3t, on which Petitioner relies in support of his claim, provides as follows:

> The word "firearm", except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, except any smooth bore rifle or handgun designed and manufactured exclusively for propelling BB's not exceeding .177 calibre by means of spring, gas or air.

Petitioner objected to scoring 15 points for offense variable 1 on the ground that the BB gun he used during the robbery did not satisfy this definition. (Sentencing Transcript, March 3, 2003, 4-7). The sentencing court, however, overruled Petitioner's objection. (Tr. 7-8). Specifically, the court observed that the victim described Petitioner's weapon as a "large frame gun." (Tr. 7). The court further observed that the statutory provision defining the term "firearm," expressly includes a BB gun that fires projectiles larger than .177 caliber. (Tr. 7-8). The court concluded that in the absence of evidence that Petitioner's BB gun was incapable of firing a projectile larger than .177 caliber, offense variable 1 was properly scored at 15 points. (Tr. 7-8).

Petitioner has presented no evidence that the BB gun he used while committing the robbery in question was incapable of firing projectiles larger than .177 caliber. Thus, Petitioner cannot demonstrate that the sentencing court's calculation of offense variable 1 was incorrect.

Petitioner's claim is, therefore, without merit. Accordingly, this particular claim raises no issue upon which habeas relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Bailey's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                              Respectfully submitted,

Date:  April 3, 2008　　　　　　　　　　　　　　 /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge